No. 469
CINCINNATI TRAC. CO. v. KUHN
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2600.    Decided April 6, 1925

291. CONSTITUTIONAL LAW—A right of action under the State Constitution, not been reduced to a judgment, is void when section has been abrogated by vote of people and a new amendment substituted.

2. Right of action, under such circumstances, is not maintainable.

CUSHING, J.

George Kuhn, an employee of the Cincinnati Traction Co. was injured Sept. 13, 1919 as he claimed by the Company's failure to comply with a lawful requirement. In the first trial in the Hamilton Common Pleas, the jury returned a verdict for Kuhn and on Feb. 7, 1924 the Supreme Court reversed the verdict and ordered a new trial. At the second trial Kuhn recovered a verdict. Error was prosecuted to the Hamilton Court of Appeals.

It was claimed by Kuhn that he had a right to bring the action against the Company because of Sec. 35, Art. 2, of the Constitution, which provided that, "No right of action shall be taken away from any employee where the injury, disease or death arises from the failure of the employer to comply with any lawful requirement for the protection of the lives, health, and safety of the employees." Section 1465-75 GC. was passed in accordance with this clause.

Nov. 5, 1923 the people repealed Sec. 32, Art. 2, of the Constitution and substituted one, the purport of which was that a State fund was to be created in which the employer paid premiums into, and such compensation shall be made in lieu of all other rights to compensation or damages; said employer not being liable in damages at common law or by statute for death, injury or occupational disease resulting. A board was authorized to fix award on hearing. Board upon finding that injury resulted from failure of employer to comply with specific requirements to add penalty of from 15 to 50 per cent of the award. The repeal and substitution took effect Jan. 1, 1924, so that when the case was tried in October 1924 all rights of action based on failure of employer to comply with lawful requirement were taken away and Kuhn was required to apply to Industrial Commission. The Court of Appeals held:

1. The question here to be determined is whether the sovereign power of the State, the people, after conferring a right on an individual or class, can, by repeal, take away that right?

2. The Constitution does not contain any provision for retaining any article or section after an amendment or substitute has been adopted by the electors of the state.

3. There was no right or interest vested in Kuhn before his claim was reduced to a judgment.

4. No reason that would justify a reading into the amendment, a clause that would preserve a right of action to a litigant after taking effect of the amendment Jan. 1, 1924.

5. The right of action given under section 35, article 2, was abrogated by its repeal and the amendment adopted, effective Jan. 1, 1924. The right of action not having been reduced to a judgment prior to that date did not exist thereafter; the judgment entered at the second trial was void for the reason that Kuhn's right to maintain the action was abrogated by the act of the people in passing the amendment. Judgment set aside and cause remanded, with instructions to dismiss the action.

Attorneys—Freiberg, Avery & Simmonds, for Company; Roettinger & Street, for Kuhn.